UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANO J. TOLDEN,<br><br>   Petitioner,<br><br>  v.<br><br>JASON SCHULTZ, Acting Warden,[1]<br><br>   Respondent. | Case No. 23-cv-02449-AMO (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 16 |

## I. INTRODUCTION

Petitioner Delano J. Tolden, a state prisoner incarcerated at California State Prison - Solano, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, representing himself. He challenges his state conviction. Respondent has moved to dismiss the petition as successive under 28 U.S.C. § 2244(b). Dkt. 16 at 3.[2] Tolden has not filed an opposition to the motion, even though he was given the opportunity to do so.

For the reasons discussed below, the Court **GRANTS** Respondent's motion to dismiss.

## II. BACKGROUND

On December 13, 2004, a jury found Tolden guilty of one count of failing to register as a sex offender (Cal. Penal Code § 290(a)(1)) in Santa Clara County Superior Court Case No. CC467314.[3] Resp't Ex. 1 at 350, 353. The next day, the court found that Tolden had thirteen

---

[1] Jason Schultz, the current acting warden of the prison where Tolden is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

[3] In his petition, Tolden has transposed two numbers by referring to Santa Clara County Superior Court Case No. "CC467*13*4." Dkt. 7 at 1 (emphasis added). In Case No. CC467314, the jury found Tolden guilty of one count of failing to register as a sex offender in violation of California

1  prior strike convictions (Cal. Penal Code §§ 667(b), 1170.12), and that he had served two prior
2  prison terms (Cal. Penal Code § 667.5(b)). *Id.* at 356. On April 21, 2005, the court sentenced
3  Tolden to twenty-five years to life in state prison.[4] *Id.* at 472. The court also imposed a $10,000
4  restitution fine, a $200 penalty assessment, and a $20 court security fee. *Id.*

5        On March 27, 2007, the California Court of Appeal reduced the fines imposed, but
6  otherwise affirmed the judgment on appeal. *People v. Tolden*, 2007 WL 906619 (Cal. Ct. App.
7  Mar. 27, 2007). On June 20, 2007, the California Supreme Court denied review. Resp't Ex. 2.

8        On August 7, 2008, Tolden filed a federal habeas petition challenging his 2004 conviction.
9  *See* Case No. 08-cv-3782-CW (PR), Dkt. 1. On March 1, 2010, the Court denied the petition. *See*
10 Case No. 08-cv-3782-CW (PR), Dkt. 19; *Tolden v. Swarthout*, 2010 WL 726733 (N.D. Cal. Mar.
11 1, 2010). On April 13, 2010, the Court granted a certificate of appealability. *See* Case No. 08-cv-
12 3782-CW (PR), Dkt. 26; *Tolden v. Swarthout*, 2010 WL 1486063 (N.D. Cal. Apr. 13, 2010).

13       On September 1, 2011, the Ninth Circuit affirmed the denial of the petition. *Tolden v.*
14 *Tilton*, 449 F. App'x 579, 581 (9th Cir. 2011). On September 29, 2011, the Ninth Circuit denied
15 the petition for panel rehearing.[5] Ninth Circuit Case No. 10-15837, Dkt. 28.

16       On February 21, 2012, the United States Supreme Court denied the petition for writ of
17 certiorari. *Tolden v. Cate*, 565 U.S. 1206 (2012).

18       On June 12, 2023, Tolden filed the case at bar, again challenging his 2004 conviction.
19 Dkt. 7.

20 **III.   DISCUSSION**

21       A claim presented in a second or successive petition for a writ of habeas corpus pursuant to

---

Penal Code § 290, which he indicates in the present petition as the crime for which he was sentenced to "25 to life." *Compare* Dkt. 7 at 1 *with* Resp't Ex. 1 at 472.

[4] In his second petition, Tolden incorrectly indicates that he received his life sentence on "May 1, 2002," *see* Dkt. 7 at 1, but the record shows that he received that life sentence on April 21, 2005, *see* Resp't Ex. 1 at 472.

[5] Tolden claims the "Chief Justice of the Ninth Circuit" ordered his immediate release on January 22, 2023, "but [he] is still in prison." *See* Dkt. 7 at 2, 5. In their motion to dismiss, Respondent states they were "unable to find any Ninth Circuit case related to petitioner other than case no. 10-15837." Dkt. 16 at 2 fn. 2. Tolden has not filed a response to the motion to dismiss. He has, thus, failed to support his conclusory claim for release, and the Court need address this issue no further.

2

28 U.S.C. § 2254 must be dismissed if presented in a prior petition. *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999). Similarly, if a claim was previously presented, asserting a new factual basis for that claim in a second or successive petition is not sufficient to prevent dismissal. *See id.* at 746 (foreclosing ineffective assistance claim based on counsel's alcohol abuse, after asserting claim of ineffective assistance premised on counsel's failure to present Post Traumatic Stress Disorder defense). Consequently, a petitioner must obtain an order from the court of appeals which authorizes the district court to consider any second or successive petition before that petitioner can file such a petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such an order, a district court must dismiss the successive petition, including any new claims raised in that petition. *See id.* § 2244(b)(2). A district court lacks jurisdiction to consider a petitioner's second habeas petition without prior authorization from the court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam).

Respondent contends that the instant petition is successive because Tolden has filed a prior federal habeas petition challenging the same underlying state conviction. *See* Dkt. 16 at 3. The Court agrees with Respondent. Tolden challenged his 2004 conviction in a previously filed habeas petition, which this Court denied. *See* Case No. 08-cv-3782-CW (PR), Dkts. 1, 19. Thus, this Court lacks jurisdiction to consider Tolden's second habeas petition without prior authorization from the Ninth Circuit. *See Burton*, 549 U.S. at 153. Moreover, because Tolden has not filed an opposition to the motion to dismiss, there is no dispute that Tolden has not obtained the necessary order from the Ninth Circuit authorizing him to file a second or successive habeas petition in federal court. *See* 28 U.S.C. § 2244(b)(3)(A). Therefore, this Court must dismiss the instant petition in its entirety. *See id.* § 2244(b).

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's motion to dismiss the petition as successive, and the instant petition is **DISMISSED**.

Finally, because Tolden has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling,"

3

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000), no certificate of appealability is warranted in this case, *see* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition).

The Clerk of the Court shall close the file.

This Order terminates Docket No. 16.

**IT IS SO ORDERED.**

Dated:  July 22, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**